Kaur v. Holder

BIA
Vomacka, IJ
A097 545 907

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand fourteen.

PRESENT:
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

PARMJEET KAUR,
*Petitioner,*

v.                                          13-1891
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Genet Getachew, Brooklyn, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Emily Anne Radford, Assistant Director; Kohsei Ugumori, David Schor, Trial Attorneys, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Parmjeet Kaur, a native and citizen of India, seeks review of an April 30, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") September 28, 2010, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Parmjeet Kaur*, No. A097 545 907 (B.I.A. Apr. 30, 2013), *aff'g* No. A097 545 907 (Immig. Ct. N.Y. City Sept. 28, 2010).  We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions.  *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Kaur's, pre-dating the REAL ID Act, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding, and any discrepancy must be

2

"substantial" when measured against the record as a whole. *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003) (quotation marks and citation omitted). The agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

In finding Kaur not credible, the agency reasonably relied on her conflicting account of whether two or three police officers raped her, and the differences among her multiple asylum applications. As to the rape, Kaur admits that her written statement and testimony were inconsistent. Kaur's explanation is that a third person was present during the rape. This explanation does not clarify why her application stated she was raped by two individuals but she testified explicitly that she was raped by three. A reasonable factfinder would not be compelled to credit the explanation, particularly given the specific and detailed nature of her written statements and her testimony. *Majidi*, 430 F.3d at 80-81. Although Kaur argues that her testimony and statement were consistent that there was a rape, she cites no authority supporting her argument that

3

inconsistencies in major details about a claim may be overlooked if the record is consistent on a general level. As this inconsistency calls into question whether the rape occurred, the agency properly considered it in making an adverse credibility determination. *Secaida-Rosales*, 331 F.3d at 307-08.

Kaur argues the agency erred in considering her initial asylum application, which set forth a different basis for asylum than the amended asylum application she submitted on the day of her merits hearing. Specifically, Kaur's initial application, filed in 2004, stated that her human and women's rights activism resulted in arrests and detentions, and being tortured five times by "fanatic Hindus." In 2010, after documentation of her Canadian asylum proceedings was submitted to the immigration court, Kaur amended her application to remove the comments about activism and Hindus. She instead asserted that she was targeted because her father was suspected of interacting with terrorists and the police arrested Kaur when she refused to disclose his location to the police. This account was generally consistent with Kaur's Canadian asylum application. Kaur admitted that she was never a human or women's rights

4

activist, nor was she tortured five times by Hindus. When asked to explain why she would make such representations, Kaur initially replied she had "no knowledge," but later suggested her former attorney was to blame as he had not translated the statement to her. The agency was not compelled to credit Kaur's explanations, as she swore to the initial application and made no effort to pursue an ineffective assistance complaint against her former attorney. *Majidi*, 430 F.3d at 80-81; *see also In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988) (setting forth regulations for ineffective assistance claim).

Despite Kaur's argument that the agency erred by considering her original asylum application *and* supplemental affidavit, case law supports the agency's consideration of both documents and its conclusion that the change in Kaur's story undermined her credibility. *See*, *e.g.*, *Borovikova v. U.S. DOJ*, 435 F.3d 151, 159-60 (2d Cir. 2006). Nor did the IJ engage in speculation in finding that Kaur changed her story to "beef up" her asylum claim after she was denied asylum in Canada. That conclusion is tied to both the timing and the content of the change. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-67 (2d Cir. 2007) (per curiam).

Finally, Kaur challenges the agency's finding that her testimony changed regarding whether the police officers involved in the rape were the same officers who arrested her earlier in the day. Kaur testified that after she was arrested by two police officers, the arresting officers and a third officer raped her. Kaur testified that she knew the third man was a police officer because he was present "when they had arrested [her] before." Although the agency found this inconsistent with her testimony that she had been arrested by two police officers that day, Kaur alleged two arrests and the agency did not consider the possibility that the third officer was present at the earlier arrest. Thus, this finding does not support the adverse credibility determination. Additionally, the IJ's finding of an inconsistency regarding where the rape occurred (which Kaur does not challenge) is also unsupported; the IJ relied on a conclusion in the Canadian asylum decision contradicted by the Canadian asylum application. Absent further records, there is no way to resolve the conflict.

However, remand is not warranted on these grounds. Even absent these problematic findings, the agency's adverse credibility determination is supported by substantial evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471

F.3d 315, 339 (2d Cir. 2006) (holding that remand not required where agency would have reached same conclusion absent erroneous findings). Considering Kaur's conflicting testimony regarding how many police officers raped her and the differing claims of persecution alleged throughout the proceedings, substantial evidence supports the adverse credibility determination. *Secaida-Rosales*, 331 F.3d at 307. As all of Kaur's claims share the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7